UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION



United States Courts
Southern District of Texas
FILED

MAR 20 2019

David J. Bradley, Clerk of Court

| UNITED STATES OF AMERICA | § | |
|---|---|---|
| | § | |
| v. | § | |
| | § | CRIMINAL NO. |
| DEVANTE BLACKMON and | § | |
| | § | |
| STAFFORD POLK, | § | |
| | § | |
| Defendants | § | |
| | § | |

19 CR 211

## INDICTMENT

**THE GRAND JURY CHARGES THAT:**

### INTRODUCTION

At all times material to this indictment, Boost Mobile maintained stores throughout the United States, and was engaged in the business of the sale of consumer electronics and cellular telephones in exchange for currency, both of which travel in interstate commerce, and affect interstate commerce.

At all times material to this indictment, Metro PCS maintained stores throughout the United States, and was engaged in the business of the repair and sale of consumer electronics and cellular telephones in exchange for currency, both of which travel in interstate commerce, and affect interstate commerce.

At all times material to this indictment, the Dollar Tree maintained stores throughout the United States, and was engaged in the business of the sale of goods and merchandise in exchange for currency, all of which travel in interstate commerce, and affect interstate commerce.

1

## COUNT ONE

### Interference with Commerce by Robbery

On or about May 20, 2018, in the Houston Division of the Southern District of Texas,

**DEVANTE BLACKMON,**

defendant herein, did knowingly and intentionally obstruct, delay, and affect interstate commerce and the movement of articles and commodities in commerce by means of robbery, as the terms "commerce" and "robbery" are defined in Title 18, United States Code, §§ 1951(b)(1) and (b)(3), in that the defendant did unlawfully take and obtain the property of Metro PCS, located at 7303 Breen Drive, Unit J, Houston, Texas, which was in the possession and custody of an employee of Metro PCS, namely, consumer electronics, to include cellular telephones, and United States currency, by means of actual and threatened force, violence, and fear of injury to those in lawful possession of those items.

In violation of Title 18, United States Code, § 1951(a).

## COUNT TWO

### Using, Carrying and Brandishing a Firearm During and in Relation to a Crime of Violence

On or about May 20, 2018, in the Houston Division of the Southern District of Texas,

**DEVANTE BLACKMON,**

defendant herein, did knowingly carry, use, and brandish a firearm, namely a handgun, during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, that being Interference with Commerce by Robbery, as charged in Count One.

In violation of Title 18, United States Code, § 924(c)(1)(A)(ii).

## COUNT THREE

### Interference with Commerce by Robbery

On or about June 15, 2018, in the Houston Division of the Southern District of Texas,

**DEVANTE BLACKMON,**

defendant herein, did knowingly and intentionally obstruct, delay, and affect interstate commerce and the movement of articles and commodities in commerce by means of robbery, as the terms "commerce" and "robbery" are defined in Title 18, United States Code, §§ 1951(b)(1) and (b)(3), in that the defendant did unlawfully take and obtain the property of Boost Mobile, located at 12151 Northwest Freeway Unit IB, Houston, Texas, which was in the possession and custody of an employee of Boost Mobile, namely, consumer electronics, to include cellular telephones, and United States currency, by means of actual and threatened force, violence, and fear of injury to those in lawful possession of those items.

In violation of Title 18, United States Code, § 1951(a).

## COUNT FOUR

### Using, Carrying and Brandishing a Firearm During and in Relation to a Crime of Violence

On or about June 15, 2018, in the Houston Division of the Southern District of Texas,

**DEVANTE BLACKMON,**

defendant herein, did knowingly carry, use, and brandish a firearm, namely a handgun, during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, that being Interference with Commerce by Robbery, as charged in Count Three.

In violation of Title 18, United States Code, § 924(c)(1)(A)(ii).

## COUNT FIVE

### Interference with Commerce by Robbery

On or about February 22, 2019, in the Houston Division of the Southern District of Texas,

**DEVANTE BLACKMON and STAFFORD POLK,**

defendants herein, did aid and abet each other and did knowingly and intentionally obstruct, delay, and affect interstate commerce and the movement of articles and commodities in commerce by means of robbery, as the terms "commerce" and "robbery" are defined in Title 18, United States Code, §§ 1951(b)(1) and (b)(3), in that the defendants did unlawfully take and obtain the property of the Dollar Tree store, located at 5360 West 34th Street, Houston, Texas, which was in the possession and custody of an employee of Dollar Tree, namely, United States currency, by means of actual and threatened force, violence, and fear of injury to those in lawful possession of those items.

In violation of Title 18, United States Code, §§ 2 and 1951(a).

## COUNT SIX

### Using, Carrying and Brandishing a Firearm
### During and in Relation to a Crime of Violence

On or about February 22, 2019, in the Houston Division of the Southern District of Texas,

**DEVANTE BLACKMON and STAFFORD POLK,**

defendants herein, did aid and abet each other and did knowingly carry, use, and brandish a firearm, namely a handgun, during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, that being Interference with Commerce by Robbery, as charged in Count Five.

In violation of Title 18, United States Code, § 924(c)(1)(A)(ii).

4

## NOTICE OF CRIMINAL FORFEITURE

Pursuant to Title 18, United States Code, Section 924(d(1), and Title 28, United States Code, Section 2461(c), the United States of America hereby gives notice that the firearm(s), involved in violation of Title 18, United States Code, Section 1951(a) and 924(c) as charged in Counts One through Six, is or are subject to forfeiture.

A TRUE BILL:

ORIGINAL SIGNATURE ON FILE
FOREPERSON OF THE GRAND JURY

RYAN K. PATRICK
UNITED STATES ATTORNEY

BY: _____
Steven D. Mellin
Assistant United States Attorney